## Sharad JAIN, M.D. and Triad–Denton Hospital, L.P. d/b/a Denton Community Hospital, Appellants,

v.

## Dorothy STAFFORD, as Representative of the Estate of Jack Stafford, Deceased, Appellee.

### No. 2–06–250–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 14, 2006.

Rehearing Overruled Jan. 4 and 25, 2007.

---

Dena B. Mastrogiovanni, Schnell Mitchel & Cooley L.L.P., Addison, Jeffrey F. Wood, Jones Carr McGoldrick, L.L.P., Dallas, for appellants.

Grace Weatherly, Wood, Thacker & Weatherly, P.C., Denton, for appellee.

Panel D: CAYCE, C.J.; WALKER and McCOY, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

The sole issue before us is whether we possess jurisdiction over an interlocutory appeal from a trial court's order denying a defendant's motion to dismiss when the basis of the dismissal motion is the alleged inadequacy of an expert report under section 74.351 of the civil practice and reme-

dies code.[1] *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon Supp.2006). Because no statutory provision exists giving us jurisdiction over such an appeal, we hold that we lack jurisdiction. Accordingly, we dismiss this appeal.

## II. Factual and Procedural Background

Appellee Dorothy Stafford, as representative of the estate of Jack Stafford, deceased, brought a health care liability claim against Appellant Triad–Denton Hosital, L.P. d/b/a Denton Community Hospital and others. Appellee timely filed the expert reports of Victoria Berry, R.N., and J.A. Coffey Jr., M.D. The Hospital filed a short, two-page "Motion to Dismiss Pursuant to CPRC § 74.351." The motion to dismiss alleged that the reports did "not represent an objective good faith effort to comply with the definition of an expert report in the Texas Civil Practice & Remedies Code § 74.351(r)(6)" and that "[b]ecause of their gross insufficiencies, they [the reports] do not constitute 'expert reports' required by CPRC § 74.351 entitling Defendant to dismissal pursuant to § 74.351(b)." The motion to dismiss identified no specific purported deficiencies in the reports and stated no other grounds for dismissal. After a hearing, the trial court denied the motion.

The Hospital attempts to appeal the trial court's order denying its motion to dismiss. Dorothy has filed a motion to dismiss in our court, alleging that we lack jurisdiction over an interlocutory appeal of an order denying a motion to dismiss that is based on alleged inadequacy of a section 74.351 expert report.[2]

## III. Interlocutory Appeal?

An appellate court has jurisdiction to hear appeals from interlocutory orders and judgments only when specifically authorized by statute. *Qwest Commc'ns Corp. v. AT&T Corp.,* 24 S.W.3d 334, 336 (Tex.2000); *Fort Worth Star–Telegram v. Street,* 61 S.W.3d 704, 707–08 (Tex.App.-Fort Worth 2001, pet. denied). A statute authorizing interlocutory appeals is strictly construed because it is an exception to the general rule that only a final judgment is appealable. *Tex. Dep't of Transp. v. City of Sunset Valley,* 8 S.W.3d 727, 730 (Tex.App.-Austin 1999, no pet.).

Texas Civil Practice and Remedies Code section 51.014 authorizes interlocutory appeals of two types of orders concerning expert reports in health care liability claims. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9), (10) (Vernon Supp. 2006); *Acad. of Oriental Med. v. Andra,* 173 S.W.3d 184, 185 (Tex.App.-Austin 2005, no pet.). The statute authorizes an interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b)" and from an order that "grants relief sought by a motion under Section 74.351(*l* )." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(9), (10).

We next examine Texas Civil Practice and Remedies Code subsections 74.351(b) and (*l* ) to juxtapose them with the quoted language of subsections 51.014(a)(9) and (10) that statutorily authorizes two types of interlocutory appeals from orders concerning expert reports in healthcare liability claim suits. Section

---

1. All statutory references herein are to the civil practice and remedies code.

2. Appellee has not moved to dismiss Dr. Jain's appeal and we do not herein address Dr. Jain's appeal of the trial court's separate order denying his motion to dismiss Appellee's health care liability claim; Dr. Jain's motion to dismiss asserts that the affidavits of Dr. Coffey, M.D. and of Dr. Donald M. Marks, M.D. were not timely served on Dr. Jain.

74.351(b) is applicable when "an expert report has not been served" within the required period of time. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b). In such a circumstance, the defendant is entitled to dismissal of the asserted healthcare liability claim with prejudice and to recover attorney's fees. *Id.* A trial court order denying any of this relief may be challenged by an interlocutory appeal. *Id.* at § 51.014(a)(9); *Oak Park, Inc. v. Harrison,* 206 S.W.3d 133, 141 (Tex.App.-Eastland, 2006, no pet. h.) (permitting interlocutory appeal from order denying defendant's motion to dismiss based on plaintiff's failure to serve an expert report); *NCED Mental Health, Inc. v. Kidd,* No. 08-05-00270-CV, 2006 WL 2080674, at *1, 214 S.W.3d 28, 31 (Tex.App.-El Paso, July 27, 2006, no pet. h.) (same); *Pro Path Servs. L.L.P. v. Koch,* 192 S.W.3d 667, 672 (Tex.App.-Dallas 2006, pet. filed) (same).

■ Section 74.351(*l*) requires a trial court to grant a motion contesting the adequacy of an expert report only if it appears to the court that the report does not represent an objective good faith effort to comply with the definition of an expert report. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(*l*) (Vernon Supp.2006). The language of the statutory provision authorizing this type of interlocutory appeal-section 51.014(a)(10)-creates an interlocutory appeal only from an order that *grants* relief sought by a motion under section 74.351(*l*). *Id.* at § 51.014(a)(10). Thus, a trial court order *granting* relief under section 74.351(*l*) is challengeable via an interlocutory appeal, but a trial court order *denying* relief under that section is not. *Id.; Lewis v. Funderburk,* 191 S.W.3d 756, 760 (Tex.App.-Waco 2006, pet. filed) (holding appellate court lacked jurisdiction over attempted interlocutory appeal from order denying relief under section 74.351(*l*)); *Acad. of Oriental Med.,* 173 S.W.3d at 185

(same). *But see Methodist Healthcare Sys. v. Martinez-Partido,* No. 04-05-00868-CV, 2006 WL 1627844, at *2-3 (Tex.App.-San Antonio, June 14, 2006, pet. filed) (holding, despite introductory language in section 74.351(b) explaining that the section is only applicable "[i]f ... an expert report has not been filed[,]" that any order denying an inadequate-expert-report dismissal motion is appealable pursuant to section 51.014(a)(9) even when expert report is timely filed).

■ The order that the Hospital attempts to challenge in this interlocutory appeal is an order denying the hospital's motion to dismiss based on the alleged inadequacies of the expert reports of Victoria Berry, R.N. and J.A. Coffey Jr., M.D. The motion does not allege that the reports were untimely filed. Because the order that the Hospital attempts to appeal is neither an order that denies relief despite the lack of timely filed expert reports-a section 74.351(b) order made appealable by section 51.014(a)(9)-nor an order granting relief based on the trial court's determination that an expert report was not a good faith effort to comply with the definition of an expert report-a section 74.351(*l*) order made appealable by section 51.014(a)(10)-we lack jurisdiction over this appeal. Absent a statutory provision authorizing an interlocutory appeal, we possess jurisdiction over only final judgments.

## IV. CONCLUSION

For these reasons, we grant Dorothy's motion to dismiss the appeal brought by Triad-Denton Hospital, L.P. d/b/a Denton Community Hospital and we dismiss that appeal for want of jurisdiction. The pending appeal of Sharad Jain, M.D. is severed out of this appeal into cause number 2-06-450-CV. Hereafter, the appeal in that case shall be styled, "No. 2-06-450-CV,

*Sharad Jain, M.D. v. Dorothy Stafford,* as Representative of the Estate of Jack Stafford, Deceased."