**Phillip A. MOORE, M.D., Appellant**

v.

**Kristy GATICA, Appellee.**

**No. 2–06–442–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 25, 2007.

Wallach, Andrews & Stouffer, PC, J. Wade Birdwell and Jennifer M. Andrews, Fort Worth, for Appellant.

John A. Albritton, Rockwall, for Appellee.

Panel D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

**MEMORANDUM OPINION[1]**

PER CURIAM.

Appellant Phillip A. Moore, M.D. filed this interlocutory appeal from the trial court's denial of his motion to dismiss with prejudice the health care liability claims that appellee Kristy Gatica raised against him. Appellant's motion was based on appellee's alleged failure to comply with section 74.351 of the civil practice and remedies code by failing to file an adequate expert report. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a), (*l*), (r)(6) (Vernon Supp.2006).

---

**1.** *See* Tex.R.App. P. 47.4.

On December 8, 2006, we informed appellant that were concerned about whether we have jurisdiction over this appeal because "[t]here is a split of authority regarding whe[ther] an order denying such a motion to dismiss is appealable." *Compare Lewis v. Funderburk,* 191 S.W.3d 756, 760 (Tex.App.-Waco 2006, pet. filed) (holding appellate court lacked jurisdiction over interlocutory appeal from order denying relief under section 74.351(*l*)), *and Acad. of Oriental Med., L.L.C. v. Andra,* 173 S.W.3d 184, 187 (Tex.App.-Austin 2005, no pet.) (holding same), *with Group v. Vicento,* 164 S.W.3d 724, 726 & n. 2 (Tex. App.-Houston [14th Dist.] 2005, pet. filed) (concluding jurisdiction of interlocutory appeal from trial court's order denying chiropractor's motion to dismiss for alleged inadequacies in expert report existed under section 51.014(a)(9) of civil practice and remedies code); *Methodist Healthcare Sys. of San Antonio, Ltd. v. Martinez–Partido,* No. 04–05–00868–CV, 2006 WL 1627844, at *2–3 (Tex.App.-San Antonio June 14, 2006, pet. denied) (mem.op.) (holding same). We also informed appellant that unless on or before December 18, 2006, he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. On December 18, 2006, appellant filed a brief in support of jurisdiction, which he amended on December 27, 2006.[2]

Before receiving appellant's response, this court issued an opinion in a separate appeal of an unrelated case, in which it addressed the same jurisdictional matter at issue here and held that this court lacks jurisdiction over an interlocutory appeal of an order denying a motion to dismiss that is based on the *alleged inadequacy* of a timely filed section 74.351 expert report

because such an order is not appealable under section 51.014 of the civil practice and remedies code. *Jain v. Stafford,* 214 S.W.3d 94, 97 (Tex.App.-Fort Worth, 2006, no pet. h.) (holding that section 51.014(a)(9) allows an interlocutory appeal of an order denying a defendant's motion to dismiss for failure to timely file an expert report and section 51.014(a)(10) allows an interlocutory appeal of an order granting a motion to dismiss for failure to file an adequate expert report, but contains no provision for interlocutory appeal of an order denying a motion to dismiss for alleged inadequacies in expert report); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9)-(10) (Vernon Supp.2006). Appellant's response to our jurisdiction inquiry letter does not show grounds for continuing the appeal. Accordingly, we dismiss this interlocutory appeal for want of jurisdiction. *See* TEX.R.APP. P. 43.2(f); *Jain,* 214 S.W.3d at 97.

---

**2.** Appellant also asked for en banc consideration of the issue; this request is being denied by separate order dated the same day as this opinion.