COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-442-CV

 

 

PHILLIP A. MOORE, M.D.                                                      APPELLANT

 

                                                   V.

 

KRISTY GATICA                                                                    APPELLEE

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Phillip A. Moore,
M.D. filed this interlocutory appeal from the trial court=s denial of his motion to dismiss with prejudice the health care
liability claims that appellee Kristy Gatica raised against him.  Appellant=s motion was based on appellee=s alleged failure to comply with section 74.351 of the civil practice
and remedies code by failing to file an adequate expert report.  Tex. Civ.
Prac. & Rem. Code Ann. ' 74.351(a), (l), (r)(6) (Vernon Supp. 2006).








On December 8, 2006, we
informed appellant that were concerned about whether we have jurisdiction over
this appeal because A[t]here is a
split of authority regarding whe[ther] an order denying such a motion to
dismiss is appealable.@  Compare Lewis v. Funderburk,
191 S.W.3d 756, 760 (Tex. App.CWaco 2006, pet. filed) (holding appellate court lacked jurisdiction
over interlocutory appeal from order denying relief under section 74.351(l)), and
Acad. of Oriental Med., L.L.C. v. Andra, 173 S.W.3d 184, 187 (Tex. App.CAustin 2005, no pet.) (holding same), with Group v. Vicento,
164 S.W.3d 724, 726 & n.2 (Tex. App.CHouston [14th Dist.] 2005, pet. filed) (concluding jurisdiction of
interlocutory appeal from trial court=s order denying chiropractor=s motion to dismiss for alleged inadequacies in expert report existed
under section 51.014(a)(9) of civil practice and remedies code); Methodist
Healthcare Sys. of San Antonio, Ltd. v. Martinez-Partido, No.
04-05-00868-CV, 2006 WL 1627844, at *2-3 (Tex. App.CSan Antonio June 14, 2006, pet. denied) (mem. op.) (holding
same).  We also informed appellant that
unless on or before December 18, 2006, he or any party desiring to continue the
appeal filed a response showing grounds for continuing the appeal, the appeal
could be dismissed for want of jurisdiction. 
On December 18, 2006, appellant filed a brief in support of
jurisdiction, which he amended on December 27, 2006.[2]








Before receiving appellant=s response, this court issued an opinion in a separate appeal of an
unrelated case, in which it addressed the same jurisdictional matter at issue
here and held that this court lacks jurisdiction over an interlocutory appeal
of an order denying a motion to dismiss that is based on the alleged
inadequacy of a timely filed section 74.351 expert report because such an
order is not appealable under section 51.014 of the civil practice and remedies
code.  Jain v. Stafford, No.
02-06-00250-CV, 2006 WL 3627140, at *2 (Tex. App.CFort Worth Dec. 14, 2006, no pet. h.) (holding that section
51.014(a)(9) allows an interlocutory appeal of an order denying a defendant=s motion to dismiss for failure to timely file an expert report and
section 51.014(a)(10) allows an interlocutory appeal of an order granting a
motion to dismiss for failure to file an adequate expert report, but contains
no provision for interlocutory appeal of an order denying a motion to dismiss
for alleged inadequacies in expert report); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9)B(10) (Vernon
Supp. 2006).  Appellant=s response to our jurisdiction inquiry letter does not show grounds
for continuing the appeal.  Accordingly,
we dismiss this interlocutory appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f); Jain, 2006 WL 3627140, at *3.

 

PER CURIAM

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: January 25, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Appellant also asked for en banc
consideration of the issue; this request is being denied by separate order
dated the same day as this opinion.