**GRAHAM OAKS CARE CENTER, INC., New Graham Oaks Care Center, Inc., and Graham Oaks Care Center, Appellants,**

v.

**Allagra FARABEE and Earlene Price, as Next Friend of Allagra Farabee, Appellees.**

**No. 2–06–452–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 8, 2007.

---

Wallach, Andrews & Stouffer, P.C., J. Wade Birdwell, Fort Worth, for Appellants.

Morrison & Shelton, Stephen R. Shelton, Charles M. Barnard, Wichita Falls, for Appellees.

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## MEMORANDUM OPINION[1]

PER CURIAM.

Appellants Graham Oaks Care Center, Inc., New Graham Oaks Care Center, Inc., and Graham Oaks Care Center filed this interlocutory appeal from the trial court's denial of their motion to dismiss with prejudice the health care liability claims that appellees Allagra Farabee and Earlene Price as next friend of Allagra Farabee raised against them. Appellants' motion was based on appellees' alleged failure to comply with section 74.351 of the civil practice and remedies code by filing an inadequate expert report. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a), (*l*), (r)(6) (Vernon Supp. 2006).

On January 12, 2007, we informed appellants that we were concerned about whether we have jurisdiction over this appeal because this court has held that an order denying such a motion to dismiss is not appealable by interlocutory appeal. *See Jain v. Stafford,* No. 02–06–00250–CV, 214 S.W.3d 94, 96 (Tex.App.-Fort Worth 2006, no pet. h.). We also informed appellants that unless they or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. On January 18, 2007, appellants filed a brief in support of jurisdiction.[2]

This court recently held that we lack jurisdiction over an interlocutory appeal of an order denying a motion to dismiss that is based on the *alleged inadequacy* of a timely filed section 74.351 expert report because such an order is not appealable under section 51.014 of the civil practice and remedies code. *Id.* (holding that section 51.014(a)(9) allows an interlocutory appeal of an order denying a defendant's motion to dismiss for failure to timely file an expert report and section 51.014(a)(10) allows an interlocutory appeal of an order granting a motion to dismiss for failure to file an adequate expert report, but contains no provision for interlocutory appeal of an order denying a motion to dismiss for alleged inadequacies in expert report); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9)-(10) (Vernon Supp. 2006). Appellants' response to our jurisdiction inquiry letter does not show grounds for continuing the appeal. Accordingly, we dismiss this interlocutory appeal for want of jurisdiction.[3] *See* TEX.R.APP. P. 43.2(f); *Jain,* 214 S.W.3d at 98.

---

1. *See* TEX.R.APP. P. 47.4.

2. Appellants also asked for en banc consideration of the issue; this request is being denied by separate order dated the same day as this opinion.

3. Appellees filed a motion to dismiss this appeal on February 5, 2007. However, because we are dismissing this appeal on our own motion after giving the parties notice and an opportunity to respond, appellee's motion to dismiss is moot.