COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-452-CV

 

 

GRAHAM OAKS CARE CENTER, INC.,                                   APPELLANTS

NEW
GRAHAM OAKS CARE CENTER, INC.,

AND
GRAHAM OAKS CARE CENTER

 

                                                   V.

 

ALLAGRA FARABEE AND

EARLENE PRICE AS NEXT FRIEND

OF ALLAGRA FARABEE                                                         APPELLEES

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellants Graham Oaks Care
Center, Inc., New Graham Oaks Care Center, Inc., and Graham Oaks Care Center
filed this interlocutory appeal from the trial court=s denial of their motion to dismiss with prejudice the health care
liability claims that appellees Allagra Farabee and Earlene Price as next
friend of Allagra Farabee raised against them. 
Appellants= motion was
based on appellees= alleged failure
to comply with section 74.351 of the civil practice and remedies code by filing
an inadequate expert report.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a), (l), (r)(6) (Vernon Supp. 2006).

On January 12, 2007, we
informed appellants that we were concerned about whether we have jurisdiction
over this appeal because this court has held that an order denying such a
motion to dismiss is not appealable by interlocutory appeal.  See Jain v. Stafford, No. 02-06-00250-CV,
2006 WL 3627140, at *2 (Tex. App.CFort Worth Dec. 14, 2006, no pet. h.). 
We also informed appellants that unless they or any party desiring to
continue the appeal filed a response showing grounds for continuing the appeal,
the appeal could be dismissed for want of jurisdiction.  On January 18, 2007, appellants filed a brief
in support of jurisdiction.[2]








This court recently held that
we lack jurisdiction over an interlocutory appeal of an order denying a motion
to dismiss that is based on the alleged inadequacy of a timely filed
section 74.351 expert report because such an order is not appealable under
section 51.014 of the civil practice and remedies code.  Id. (holding that section 51.014(a)(9)
allows an interlocutory appeal of an order denying a defendant=s motion to dismiss for failure to timely file an expert report and
section 51.014(a)(10) allows an interlocutory appeal of an order granting a
motion to dismiss for failure to file an adequate expert report, but contains
no provision for interlocutory appeal of an order denying a motion to dismiss
for alleged inadequacies in expert report); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9)B(10) (Vernon
Supp. 2006).  Appellants= response to our jurisdiction inquiry letter does not show grounds for
continuing the appeal.  Accordingly, we
dismiss this interlocutory appeal for want of jurisdiction.[3]  See Tex.
R. App. P. 43.2(f); Jain, 2006 WL 3627140, at *3.

 

PER CURIAM

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: February 8, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Appellants also asked for en banc
consideration of the issue; this request is being denied by separate order
dated the same day as this opinion.





[3]Appellees filed a motion to dismiss
this appeal on February 5, 2007. 
However, because we are dismissing this appeal on our own motion after
giving the parties notice and an opportunity to respond, appellee=s motion to dismiss is moot.