**METWEST, INC., d/b/a Quest Diagnostics Incorporated, Appellant**

v.

**Miguel RODRIGUEZ, Jr., Miguel Rodriguez, and Lucy Rodriguez, Appellees.**

**No. 2–07–047–CV.**

Court of Appeals of Texas, Fort Worth.

April 5, 2007.

Nichol L. Bunn, Dallas, for Appellant.

Darrell L. Keith, Fort Worth, for Appellee.

Panel D: HOLMAN, GARDNER, and WALKER, JJ.

**MEMORANDUM OPINION[1]**

PER CURIAM.

Appellant Metwest, Inc., d/b/a/ Quest Diagnostics Incorporated, filed this interlocutory appeal from the trial court's denial of its motion to dismiss with prejudice the health care liability claims that Appellees Miguel Rodriguez, Jr., Miguel Rodriguez, and Lucy Rodriguez raised against it. Appellant's motion was based on Appellees' alleged failure to comply with section 74.351 of the civil practice and remedies code by not filing an adequate expert report. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a), (*l*), (r)(6) (Vernon Supp.2006).

On February 15, 2007, we informed Appellant that we were concerned about whether we have jurisdiction over this appeal because this court has held that an

1. *See* TEX.R.APP. P. 47.4.

order denying such a motion to dismiss is not appealable by interlocutory appeal. *See Jain v. Stafford,* 214 S.W.3d 94, 97 (Tex.App.-Fort Worth, 2006, pet. filed). We also informed Appellant that unless on or before February 26, 2007, Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. On February 26, 2007, Appellant filed a brief in support of jurisdiction.[2]

This court has recently held that we lack jurisdiction over an interlocutory appeal of an order denying a motion to dismiss that is based on the *alleged inadequacy* of a timely-filed section 74.351 expert report because such an order is not appealable under section 51.014 of the civil practice and remedies code. *Id.* (holding that section 51.014(a)(9) allows an interlocutory appeal of an order denying a defendant's motion to dismiss *for failure to timely file* an expert report and section 51.014(a)(10) allows an interlocutory appeal of an order granting a motion to dismiss for failure to file an adequate expert report, but the statute contains no provision for interlocutory appeal of an order denying a motion to dismiss for alleged inadequacies in an expert report); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9)-(10) (Vernon Supp.2006). Appellant's response to our jurisdiction inquiry letter requests that we reconsider and reverse our decision in *Jain v. Stafford;* we decline to do so. Because Appellant's response does not show grounds for continuing the appeal, we dismiss this interlocutory appeal for want of jurisdiction. *See* TEX.R.APP. P. 43.2(f); *Jain,* 214 S.W.3d at 97.

---

**2.** Appellant also asked for en banc consideration of the issue; this request is being denied by separate order dated the same day as this opinion.