COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-047-CV

 

 

METWEST, INC., D/B/A                                                        APPELLANT

QUEST
DIAGNOSTICS

INCORPORATED

                                                   V.

 

MIGUEL RODRIGUEZ, JR.,                                                      APPELLEES

MIGUEL
RODRIGUEZ,

AND
LUCY RODRIGUEZ

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Metwest, Inc.,
d/b/a/ Quest Diagnostics Incorporated, filed this interlocutory appeal from the
trial court=s denial of
its motion to dismiss with prejudice the health care liability claims that
Appellees Miguel Rodriguez, Jr., Miguel Rodriguez, and Lucy Rodriguez raised
against it.  Appellant=s motion was based on Appellees= alleged failure to comply with section 74.351 of the civil practice
and remedies code by not filing an adequate expert report.  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a), (l), (r)(6) (Vernon Supp. 2006).

On February 15, 2007, we
informed Appellant that we were concerned about whether we have jurisdiction
over this appeal because this court has held that an order denying such a
motion to dismiss is not appealable by interlocutory appeal.  See Jain v. Stafford, No.
02-06-00250-CV, 2006 WL 3627140, at *2 (Tex. App.CFort Worth Dec. 14, 2006, pet. filed). 
We also informed Appellant that unless on or before February 26, 2007,
Appellant or any party desiring to continue the appeal filed a response showing
grounds for continuing the appeal, the appeal could be dismissed for want of
jurisdiction.  On February 26, 2007,
Appellant filed a brief in support of jurisdiction.[2]








This court has recently held
that we lack jurisdiction over an interlocutory appeal of an order denying a
motion to dismiss that is based on the alleged inadequacy of a
timely-filed section 74.351 expert report because such an order is not
appealable under section 51.014 of the civil practice and remedies code.  Id. (holding that section 51.014(a)(9)
allows an interlocutory appeal of an order denying a defendant=s motion to dismiss for failure to timely file an expert report and
section 51.014(a)(10) allows an interlocutory appeal of an order granting a
motion to dismiss for failure to file an adequate expert report, but the
statute contains no provision for interlocutory appeal of an order denying a
motion to dismiss for alleged inadequacies in an expert report); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9)B(10) (Vernon
Supp. 2006).  Appellant=s response to our jurisdiction inquiry letter requests that we
reconsider and reverse our decision in Jain v. Stafford; we decline to
do so.  Because Appellant=s response does not show grounds for continuing the appeal, we dismiss
this interlocutory appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f); Jain, 2006 WL 3627140, at *3.

 

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
April 5, 2007

 

 











[1]See Tex. R.
App. P. 47.4.





[2]Appellant also asked for en banc
consideration of the issue; this request is being denied by separate order
dated the same day as this opinion.