NO.
12-06-00307-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

NEXION HEALTH AT OAK MANOR, INC.         §          APPEAL
FROM THE 145TH

d/b/a OAK MANOR NURSING HOME,

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

LAVENE BREWER, INDIVIDUALLY

AND AS REPRESENTATIVE OF THE

ESTATE OF JAMES BREWER,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 

                                        NO.
12-06-00349-CV

IN RE: NEXION HEALTH AT OAK          §

MANOR, INC. d/b/a OAK MANOR            §          ORIGINAL
PROCEEDING

NURSING HOME, RELATOR       §

                                                                                                                                                           


OPINION

            Nexion
Health at Oak Manor, Inc. d/b/a Oak Manor Nursing Home brings a parallel
interlocutory appeal and mandamus proceeding complaining of the trial court’s
order denying its motion to dismiss the health care liability claims of Lavene
Brewer, individually and as personal representative of the estate of James
Brewer.[1]  We dismiss Oak Manor’s appeal for want of
jurisdiction and deny its petition for writ of mandamus.








Background

            James
Brewer, deceased, suffered from dementia and was a patient at Oak Manor Nursing
Home.  One night, Brewer wandered out of
the nursing home and fell down a flight of stairs.  When Oak Manor’s staff found Brewer at the
bottom of the stairs, he had several injuries requiring medical treatment.

            Lavene
Brewer, individually and as personal representative of Mr. Brewer’s estate,
filed suit against Oak Manor alleging that its nursing staff was negligent in
failing to properly supervise Mr. Brewer to prevent him from falling down the
stairs.  Brewer served Oak Manor with an
expert report from a nurse summarizing her opinions regarding the applicable
standards of care, the breaches of those standards by members of Oak Manor’s
nursing staff, and causation.  Oak Manor
did not file a motion challenging the adequacy of the nurse’s report.  More than 120 days after the suit was filed,
Oak Manor filed a motion to dismiss Brewer’s health care liability claims
contending that an expert report relating to causation must be from a physician.


            After
receiving Oak Manor’s motion to dismiss but before the hearing on the motion,
Brewer served Oak Manor with an expert report from a physician, which addressed
the cause of Mr. Brewer’s injuries. 
Brewer further requested an extension of time to cure the deficiency in
the initial report.  After hearing
argument on the matter, the trial court denied Oak Manor’s motion to dismiss
and granted Brewer an extension of thirty days to file a report from a
physician relating to the cause of Mr. Brewer’s injuries.  Oak Manor then brought a parallel
interlocutory appeal and mandamus proceeding complaining of the trial court’s
order.  We consolidate the two
proceedings for purposes of this opinion.

 

Section 74.351 Motion to Dismiss

            In
a health care liability claim, the claimant must serve an expert report on each
party within 120 days after filing suit. 
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a) (Vernon Supp. 2007).  The expert report must provide a fair summary
of the expert’s opinions “regarding applicable standards of care, the manner in
which the care rendered by the physician or health care provider failed to meet
the standards, and the causal relationship between that failure and the injury,
harm, or damages claimed.”  Id.
§ 74.351(r)(6).  The plaintiff may
use more than one expert to address the necessary elements of the report.  See id. § 74.351(i) (“Nothing
in this section shall be construed to mean that a single expert must
address  . . .  both liability and causation issues for a
physician or health care provider.”). 
However, the legislature has mandated that, in health care liability
claims, only a physician can offer an opinion regarding causation.  Id. § 74.351(r)(5)(C).  Thus, for the plaintiff to serve a report or
reports that are not deficient, the report or reports must address the
necessary elements and at least one of the reports must be by a physician.  Id. § 74.351(r)(5)(C), (6). 

            The
Extension.  Oak Manor contends
here, as it did in the trial court, that because Brewer did not furnish a
report from a physician relating to causation, see id. § 74.351(r)(5)(C),
the report was not an “expert report” as defined by statute.  See id. § 74.351(r)(6)
(defining “expert report” as a written report by an expert on the three
statutory elements).  Consequently, it
concludes, the report was not merely “deficient,” but was no report at all and
Brewer was not entitled to an extension of time.  Brewer counters that a report was timely
served.  Id. § 74.351(c).

            After
Oak Manor filed its interlocutory appeal and petition for writ of mandamus, the
Texas Supreme Court decided Ogletree v. Matthews, No. 06-502,
2007 Tex. LEXIS 1028 (Tex. Nov. 30, 2007). 
In Ogletree, the court determined the issue in agreement
with Brewer’s position.  Id.,
at *10.  (“Indeed, the legislature
recognized that not all initial timely served reports would satisfy each of the
statutory criteria.”).








            There
are two circumstances in which an expert report may be deemed unserved.  The first is when the expert report is not
served within 120 days after the lawsuit was filed.  Id. § 74.351(b).  When this occurs, the affected physician or
health care provider may file a motion to dismiss.  Id. § 74.351(b).  Upon the filing of the motion, the trial
court has but one option:  to dismiss the
case with prejudice and award attorney’s fees and costs of court to the
movant.  Id. § 74.351(b);
Jain v. Stafford, 214 S.W.3d 94, 97 (Tex. App.–Fort Worth, pet.
dism’d); Garcia v. Marichalar, 185 S.W.3d 70, 74 (Tex. App.–San
Antonio 2005, no pet.).  A report also
may be deemed unserved when a timely served expert report “does not meet the
statutory definition of an ‘expert report’ because it has one or more
deficiencies in its contents.”  See,
e.g., Valley Baptist Med. Ctr. v. Agua, 198 S.W.3d 810, 815 (Tex.
App.–Corpus Christi 2006, no pet.); Thoyakulathu, 192 S.W.3d at
853; see also Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(c) (providing for extension of time if
expert report has not been served “because elements of the report are found
deficient”).  In that situation, the
trial court has the discretion to 1) dismiss the case with prejudice and award
attorney’s fees and costs of court to the affected party or to 2) grant one
thirty day extension to allow the claimant to cure the deficiency.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(b), (c); Ogletree,
2007 Tex. LEXIS 1028, at *10.   

             Because Oak Manor’s complaint relates to the
content of the report, it falls squarely within the second circumstance.  As such, the report is deficient, but the
deficiency does not render it “no report at all.”  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(c).  Therefore, the trial court could grant the
extension.  But our analysis does not end
here.  We also must determine if the
trial court properly denied Oak Manor’s motion to dismiss.

 

Interlocutory Appeal

            First,
we must determine whether we have jurisdiction of Oak Manor’s interlocutory
appeal complaining of the trial court’s denial of its motion to dismiss.  As a general rule, only final judgments are
appealable.  Tex. Civ. Prac. & Rem.
Code Ann. § 51.012 (Vernon 1997);
Stolhandske v. Stern, 14 S.W.3d 810, 813 (Tex. App.–Houston [1st
Dist.] 2000, pet. denied).  One exception
is an interlocutory order “[denying] all or part of the relief sought by a
motion under [Texas Civil Practices and Remedies Code] Section 74.351(b),
except that an appeal may not be taken from an order granting an extension
under Section 74.351.”  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9)
(Vernon Supp. 2007).  However, this
subsection must be strictly construed as a narrow exception to the general rule
that only final judgments are appealable. 
Thoyakulathu v. Brennan, 192 S.W.3d 849, 851 n.2 (Tex.
App.–Texarkana 2006, no pet.).  

            Oak
Manor argues that we have jurisdiction over its interlocutory appeal because
the trial court denied its motion to dismiss. 
Again, the Texas Supreme Court, in Ogletree, clearly
decided this issue against Oak Manor’s position.  Ogletree, 2007 Tex. LEXIS 1028,
at *13-14.  While a report should be
deemed not served due to a deficiency, the trial court retains discretion to
grant a thirty day extension under such circumstances, and the legislature explicitly
decided that such orders are not appealable. 
Id.  “Thus, if a
deficient report is served and the trial court grants a thirty day extension,
that decision even if coupled with a denial of a motion to dismiss is not
subject to appellate review.”  Id.,
at *13.  Therefore, because the trial
court’s order denied Oak Manor’s motion to dismiss but also granted Brewer an
extension of time to cure her deficient report, the order is not
appealable.  Id.  Consequently, we are without jurisdiction of
Oak Manor’s interlocutory appeal and will review the trial court’s order by
mandamus.

 

Prerequisites to Mandamus

            Mandamus
is an extraordinary remedy available to correct either a clear abuse of
discretion or the violation of a legal duty when there is no adequate remedy by
appeal.  In re J.D. Edwards World
Solutions Co., 87 S.W.3d 546, 549 (Tex. 2002).  Relator has the burden to present a record
sufficient to establish a right to mandamus. 
In re Taylor, 113 S.W.3d 385, 389 (Tex. App.–Houston [1st
Dist.] 2003, orig. proceeding).  A trial
court clearly abuses its discretion if “it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.”  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (citing Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)).  Thus, “[w]e
must focus on the record that was before the court and whether the decisions
was not only arbitrary but also amounted ‘to a clear and prejudicial error of
law.’”  In re Bristol-Meyers Squibb
Co., 975 S.W.2d 601, 605 (Tex. 1998). 
When reviewing matters committed to the trial court’s discretion, we may
not substitute our own judgment for that of the trial court.  Id.  A trial court has no discretion in
determining what the law is or applying the law to the facts.  Id. at 840.  Therefore, a clear failure by the trial court
to analyze or apply the law correctly constitutes an abuse of discretion.  Id.

 

Waiver of Objections

            Under
section 74.351(a), “[e]ach, defendant physician or healthcare provider whose
conduct is implicated in a report must file and serve any objection to
the sufficiency of the report not later than the twenty-first day after the
date it was served, failing which all objections are waived.”  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (emphasis added).  Here, Oak Manor admits that it did not object
to the sufficiency of the nurse’s report within the twenty-one days allowed by
statute.  It claims though that such
failure is excused because no report had been served due to the absence of a
physician’s opinion on causation.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(r)(6).

            Yet
again, the supreme court considered this argument in Ogletree and
rejected it.  Ogletree,
2007 Tex. LEXIS 1028 at *5.  As was the
case in Ogletree, the nurse’s report served on Oak Manor
contained direct and explicit opinions clearly implicating the conduct of Oak
Manor.  Further, the parties here, as in Ogletree,
agreed that the nurse’s report was sufficient as to the standard of care and
breach of that standard by Oak Manor. 
Unlike Ogletree, the nurse’s opinion in this case
addressed causation.  Oak Manor urged in
its motion to dismiss that the nurse, by statute, was not qualified to render
an opinion as to causation.  In Ogletree,
the Texas Supreme Court determined that such an objection is directed to the
report’s sufficiency and “could have been urged within the statutory twenty-one
day period, as the statute clearly requires.” 
Ogletree, 2007 Tex. LEXIS 1028, at *15-16.  If the objection is not made within this
period, it is waived.  Id.,
at *16.

            Because
Oak Manor did not object to the nurse’s report within the twenty-one day
period, its objection was waived, and its motion to dismiss should have been
denied.  Thus, Oak Manor failed to
present a record establishing that the trial court committed a “clear and
prejudicial error of law” by denying Oak Manor’s motion to dismiss.

 

Conclusion

            Because
we lack jurisdiction of Oak Manor’s interlocutory appeal, the appeal is
dismissed for want of jurisdiction. 
Because Oak Manor has failed to establish that the trial court committed
a “clear and prejudicial error of law” by denying its motion to dismiss, we
deny Oak Manor’s petition for writ of mandamus. 
All pending motions are overruled as moot.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered December 12, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(PUBLISH)











[1] The Honorable Campbell
Cox II, Judge of the 145th Judicial District Court, Nacogdoches County, Texas
is the respondent.