NO.
12-06-00307-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

NEXION HEALTH AT OAK MANOR, INC.         §          APPEAL
FROM THE 145TH

d/b/a OAK MANOR NURSING HOME,

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

LAVENE BREWER, INDIVIDUALLY

AND AS REPRESENTATIVE OF THE

ESTATE OF JAMES BREWER,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 

                                        NO.
12-06-00349-CV

IN RE: NEXION HEALTH AT OAK          §

MANOR, INC. d/b/a OAK MANOR            §          ORIGINAL
PROCEEDING

NURSING HOME, RELATOR       §

                                                                                                                                                           


OPINION
ON REHEARING

            Relator
Nexion Health at Oak Manor, Inc. d/b/a Oak Manor Nursing Home filed a motion
for rehearing on December 18, 2007, which is granted.  The court’s opinion of December 12, 2007 and
its order in appellate cause number 12-06-00349-CV are hereby withdrawn, and
the following opinion and corresponding order are substituted therefor.








            Nexion
Health at Oak Manor, Inc. d/b/a Oak Manor Nursing Home brings a parallel
interlocutory appeal and mandamus proceeding complaining of the trial court’s
order denying its motion to dismiss the health care liability claims of Lavene
Brewer, individually and as personal representative of the estate of James
Brewer.[1]  We dismiss Oak Manor’s appeal for want of
jurisdiction and conditionally grant its petition for writ of mandamus.

 

Background

            James
Brewer, deceased, suffered from dementia and was a patient at Oak Manor Nursing
Home.  One night, Brewer wandered out of
the nursing home and fell down a flight of stairs.  When Oak Manor’s staff found Brewer at the
bottom of the stairs, he had several injuries requiring medical treatment.

            Lavene
Brewer, individually and as personal representative of Mr. Brewer’s estate,
filed suit against Oak Manor alleging that its nursing staff was negligent in
failing to properly supervise Mr. Brewer to prevent him from falling down the
stairs.  Brewer served Oak Manor with an
expert report from a nurse summarizing her opinions regarding the applicable standards
of care, the breaches of those standards by members of Oak Manor’s nursing
staff, and causation.  In an amended
answer, Oak Manor challenged the adequacy of the nurse’s report and the ability
of the nurse to opine as to causation. 
More than 120 days after the suit was filed, Oak Manor filed a motion to
dismiss Brewer’s health care liability claims contending that an expert report
relating to causation must be from a physician. 

            After
receiving Oak Manor’s motion to dismiss but before the hearing on the motion,
Brewer served Oak Manor with an expert report from a physician, which addressed
the cause of Mr. Brewer’s injuries. 
Brewer further requested an extension of time to cure the deficiency in
the initial report.  After hearing
argument on the matter, the trial court denied Oak Manor’s motion to dismiss
and granted Brewer an extension of thirty days to file a report from a
physician relating to the cause of Mr. Brewer’s injuries.  Oak Manor then brought a parallel
interlocutory appeal and mandamus proceeding complaining of the trial court’s
order.  We consolidate the two
proceedings for purposes of this opinion.

 

Section 74.351 Motion to Dismiss

            In
a health care liability claim, the claimant must serve an expert report on each
party within 120 days after filing suit. 
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a) (Vernon Supp. 2007).  The expert report must provide a fair summary
of the expert’s opinions “regarding applicable standards of care, the manner in
which the care rendered by the physician or health care provider failed to meet
the standards, and the causal relationship between that failure and the injury,
harm, or damages claimed.”  Id.
§ 74.351(r)(6).  The plaintiff may
use more than one expert to address the necessary elements of the report.  See id. § 74.351(i) (“Nothing
in this section shall be construed to mean that a single expert must
address  . . .  both liability and causation issues for a
physician or health care provider.”). 
However, the legislature has mandated that, in health care liability
claims, only a physician can offer an opinion regarding causation.  Id. § 74.351(r)(5)(C).  Thus, for the plaintiff to serve a report or
reports that are not deficient, the report or reports must address the
necessary elements and at least one of the reports must be by a physician.  Id. § 74.351(r)(5)(C), (6). 

            The
Extension.  Oak Manor contends
here, as it did in the trial court, that because Brewer did not furnish a
report from a physician relating to causation, see id. § 74.351(r)(5)(C),
the report was not an “expert report” as defined by statute.  See id. § 74.351(r)(6)
(defining “expert report” as a written report by an expert on the three
statutory elements).  Consequently, it
concludes, the report was not merely “deficient,” but was no report at all and
Brewer was not entitled to an extension of time.  Brewer counters that a report was timely
served.  Id. § 74.351(c).

            After
Oak Manor filed its interlocutory appeal and petition for writ of mandamus, the
Texas Supreme Court decided Ogletree v. Matthews, No. 06-502,
2007 Tex. LEXIS 1028 (Tex. Nov. 30, 2007). 
In Ogletree, the court determined the issue in agreement
with Brewer’s position.  Id.,
at *10.  (“Indeed, the legislature
recognized that not all initial timely served reports would satisfy each of the
statutory criteria.”).








            There
are two circumstances in which an expert report may be deemed unserved.  The first is when the expert report is not
served within 120 days after the lawsuit was filed.  Id. § 74.351(b).  When this occurs, the affected physician or
health care provider may file a motion to dismiss.  Id. § 74.351(b).  Upon the filing of the motion, the trial
court has but one option:  to dismiss the
case with prejudice and award attorney’s fees and costs of court to the
movant.  Id. § 74.351(b);
Jain v. Stafford, 214 S.W.3d 94, 97 (Tex. App.–Fort Worth, pet.
dism’d); Garcia v. Marichalar, 185 S.W.3d 70, 74 (Tex. App.–San
Antonio 2005, no pet.).  A report also
may be deemed unserved when a timely served expert report “does not meet the
statutory definition of an ‘expert report’ because it has one or more
deficiencies in its contents.”  See,
e.g., Valley Baptist Med. Ctr. v. Agua, 198 S.W.3d 810, 815 (Tex.
App.–Corpus Christi 2006, no pet.); Thoyakulathu v. Brennan, 192
S.W.3d 851, 853 (Tex. App.–Texarkana 2006, no pet.) ; see also Tex. Civ. Prac. & Rem. Code Ann. §
74.351(c) (providing for extension of time if expert report has not been served
“because elements of the report are found deficient”).  In that situation, the trial court has the
discretion to 1) dismiss the case with prejudice and award attorney’s fees and
costs of court to the affected party or to 2) grant one thirty day extension to
allow the claimant to cure the deficiency. 
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(b), (c); Ogletree, 2007 Tex. LEXIS
1028, at *10.   

             Because Oak Manor’s complaint relates to the
content of the report, it falls squarely within the second circumstance.  As such, the report is deficient, but the
deficiency does not render it “no report at all.”  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(c).  Therefore, the trial court could grant the
extension.  But our analysis does not end
here.  We also must determine if the
trial court properly denied Oak Manor’s motion to dismiss.  Before proceeding further, however, we must
determine whether interlocutory appeal or mandamus is the appropriate avenue
for review.

 

Interlocutory Appeal

            As
a general rule, only final judgments are appealable.  Tex.
Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); Stolhandske
v. Stern, 14 S.W.3d 810, 813 (Tex. App.–Houston [1st Dist.] 2000, pet.
denied).  One exception is an
interlocutory order “[denying] all or part of the relief sought by a motion
under [Texas Civil Practices and Remedies Code] Section 74.351(b), except that
an appeal may not be taken from an order granting an extension under Section
74.351.”  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9)
(Vernon Supp. 2007).  However, this
subsection must be strictly construed as a narrow exception to the general rule
that only final judgments are appealable. 
Thoyakulathu, 192 S.W.3d at 851 n.2.  

            Oak
Manor argues that we have jurisdiction over its interlocutory appeal because
the trial court denied its motion to dismiss. 
Again, the Texas Supreme Court, in Ogletree, clearly
decided this issue against Oak Manor’s position.  See Ogletree, 2007 Tex. LEXIS
1028, at *13-14.  While a report should
be deemed not served due to a deficiency, the trial court retains discretion to
grant a thirty day extension under such circumstances, and the legislature explicitly
decided that such orders are not appealable. 
Id.  “Thus, if a
deficient report is served and the trial court grants a thirty day extension,
that decision even if coupled with a denial of a motion to dismiss is not
subject to appellate review.”  Id.,
at *13.  Therefore, because the trial
court’s order denied Oak Manor’s motion to dismiss but also granted Brewer an
extension of time to cure her deficient report, the order is not
appealable.  Id.  Consequently, we are without jurisdiction of
Oak Manor’s interlocutory appeal and will review the trial court’s order by
mandamus.

 

Prerequisites to Mandamus

            Mandamus
is an extraordinary remedy available to correct either a clear abuse of
discretion or the violation of a legal duty when there is no adequate remedy by
appeal.  In re J.D. Edwards World
Solutions Co., 87 S.W.3d 546, 549 (Tex. 2002).  A trial court clearly abuses its discretion
if “it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law.”  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (citing Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)).  When reviewing matters committed to the trial
court’s discretion, we may not substitute our own judgment for that of the
trial court.  Id.  A trial court has no discretion though in
determining what the law is or applying the law to the facts.  Id. at 840.  Thus, a clear failure by the trial court to
analyze or apply the law correctly constitutes an abuse of discretion.  Id.

 

The New Report

            Oak
Manor argues that, even if the report was merely “deficient” and the extension
was properly granted, Brewer could not “cure the deficiency” by filing a report
from a new expert.  Three other courts of
appeals have addressed this issue.  See
Cuellar v. Warm Springs Rehab. Found., No. 04-06-00698-CV, 2007
Tex. App. LEXIS 8974, at *11 (Tex. App.–San Antonio Nov. 14, 2007, no pet.)
(mem. op.); Methodist Health Ctr. d/b/a Methodist Hosp. Sugar Land v.
Thomas, No. 12-07-00085-CV, 2007 Tex. App. LEXIS 6655, at *14 (Tex.
App.–Houston [14th Dist.] Aug. 21, 2007, no pet.) (mem. op.); De La
Vergne v. Turner, No. 04-06-00722-CV, 2007 Tex. App. LEXIS 4393, at *3
(Tex. App.–San Antonio June 6, 2007, no pet.) (mem. op.); Danos v.
Rittger, No. 01-06-00350-CV, 2007 Tex. App. LEXIS 1568, at *11 (Tex.
App.– Houston [1st Dist.] Mar. 1, 2007, pet. filed).  In Danos, the court noted that
the predecessor to section 74.351 authorized a thirty day grace period “to
comply with [the] subsection” that prescribed the time for filing an expert
report, while subsection 74.351(c) permits the trial court to grant a thirty
day extension “to cure the deficiency” in the report.[2]  Danos, 2007 Tex. App. LEXIS
1568, at *10.  Describing this change in
language as “an important and significant alteration in the statute,” the court
presumed the legislature intended to make the change and further observed that
the amended statute “emphasizes the need to cure the deficiency  in the report.”  Id., at *10-11.  The court then concluded that section 74.351
does not permit a claimant to go beyond the 120 day deadline for filing an
expert report to cure a deficiency by obtaining a new report from a different
expert.   Id., at *11.  Applying Danos, the other two
courts reached the same conclusion.  See
Cuellar, 2007 Tex. App. LEXIS 8974, at *11; Thomas,
2007 Tex. App. LEXIS 6655, at *12; De La Vergne, 2007 Tex. App.
LEXIS 4393, at *3.

            We
agree with our sister courts.  The trial
court did not abuse its discretion by giving Brewer thirty additional days to “cure
the deficiency” in the nurse’s report, but it could not consider the wholly new
physician’s report, filed more than 120 days after suit was filed, when it
ruled on Oak Manor’s motion to dismiss. 
The grace period permitted Brewer to cure the deficiencies in the timely
filed report only by making changes to that report.  Because those deficiencies could not be and
were not cured by making changes to that report (because the nurse was not
statutorily qualified to state an opinion on causation), the trial court could
have made but one decision:  to grant Oak
Manor’s motion to dismiss.  Because the
trial court denied Oak Manor’s motion to dismiss, it abused its discretion.

 

Adequate Remedy by Appeal

            An appellate remedy is “adequate”
when any benefits to mandamus review are outweighed by the detriments.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 136 (Tex. 2004).  This
determination depends heavily on the circumstances presented and is better
guided by general principles than by simple rules.  Id. at 137.  Generally, mandamus is not used to correct
incidental rulings of the trial court when there is an adequate remedy by
appeal.  Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).  A trial
court’s ruling on a motion to dismiss is such an incidental ruling.  In re Highland Pines Nursing Home, Ltd.,
2004 Tex. App. LEXIS 591, at *9; Low v. King, 867 S.W.2d 141, 142
(Tex. App.–Beaumont 1993, orig. proceeding). 
However, when the legislature has expressed a clear legislative purpose
in requiring dismissal if a proper expert report is not timely served on a
medical malpractice defendant, a remedy by direct appeal is inadequate.  Highland Pines, 2004 Tex. App.
LEXIS 591, at *9-10.  Thus, when a trial
court abuses its discretion in denying a motion to dismiss in a medical
malpractice action, appeal is not an adequate remedy.  Id.  Because Oak Manor was entitled to a dismissal
of the action by the trial court, Oak Manor has no adequate remedy by appeal.

 

Conclusion

            Because
we lack jurisdiction of Oak Manor’s interlocutory appeal, the appeal is
dismissed for want of jurisdiction. 
Having held that the trial court abused its discretion in denying Oak
Manor’s motion to dismiss and that Oak Manor has no adequate remedy at law, we conditionally
grant mandamus relief.  We trust
that the trial court will promptly vacate its order of August 8, 2006 denying
Oak Manor’s motion to dismiss and issue an order granting the motion.  The writ will issue only if the trial court
fails to comply with this court’s opinion and order within ten days.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

 

 

Opinion delivered January 16, 2008.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

                                                                                                                        

                                                                                                            

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The Honorable Campbell
Cox II, Judge of the 145th Judicial District Court, Nacogdoches County, Texas
is the respondent.

 





[2]  Previously, the statute provided that

 

if a
claimant has failed to comply with a deadline established by Subsection (d) of
this section [stating that an expert report must be filed within 180 days of
filing suit] and after hearing the court finds that the failure of the claimant
or the claimant’s attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with that
subsection.

 

Act of May 5, 1995, 74th
Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985–87 (adding expert report
requirement at former Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(d)), repealed and recodified as
amended by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09,
23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898–99 (H.B. 4) (adopting
chapter 74 of the Texas Civil Practice and Remedies Code) (current version at Tex. Civ. Prac. & Rem. Code Ann. §
74.351(c)).

 

                Currently, the statute states that “[i]f an expert
report has not been served within the period specified by Subsection (a) [120
days] because elements of the report are found deficient, the court may grant
one 30-day extension to the claimant in order to cure the deficiency.”  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(c).