METWEST INC. d/b/a Quest Diagnostics Incorporated, Petitioner,

v.

Miguel RODRIGUEZ, Jr., Miguel Rodriguez and Lucy Rodriguez, Respondents.

No. 07–0422.

Supreme Court of Texas.

April 11, 2008.

---

Rebecca M. Alcantar, Nichol L. Bunn, Steven James Anderson, William Joel Akins, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Dallas TX, for Petitioner.

Darrell L. Keith, Keith Law Firm, P.C., Fort Worth TX, for Respondent.

William Dixon Wiles, Hiersche, Hayward, Drakey & Urbach, P.C., Addison, Joel J. Steed, Sidney L. Murphy, Steed Flagg, L.L.P., Rockwall TX, for Person Interested.

PER CURIAM.

Miguel Rodriquez, Miguel Rodriguez, Jr., and Lucy Rodriguez filed this suit claiming Metwest, Inc., d/b/a Quest Diagnostics Incorporated[1] caused permanent injuries to Miguel Rodriguez, Jr. as a result of a delayed diagnosis. As required by statute, Rodriguez timely served the curriculum vita and expert reports of Drs. John Heffner, Richard Sterns, and Robert Laureno.[2] Metwest moved for dismissal and costs on the ground that the expert reports were inadequate,[3] but the trial court denied the motion.

Metwest filed a timely interlocutory appeal with the Second Court of Appeals, which dismissed for want of jurisdiction.[4]

For the reasons stated today in *Lewis v. Funderburk*,[5] we hold that Metwest's motion seeking dismissal and costs was a motion pursuant to section 74.351(b), and thus reviewable by interlocutory appeal when the trial court denied it.[6] The court of appeals erred by concluding otherwise.

Accordingly, we grant the petition for review, and without hearing oral argument, Tex.R.App. P. 59.1, we reverse the court of appeals' judgment and remand the case to that court to consider the remaining arguments raised by the interlocutory appeal.

1. Although Rodriguez sued other parties, only Metwest Inc. is a party to this appeal.

2. Tex. Civ. Prac. & Rem.Code § 74.351(a).

3. *Id.* § 74.351(b).

4. 2007 WL 1018640.

5. 253 S.W.3d 204 (Tex.2008).

6. Tex. Civ. Prac. & Rem.Code § 51.014(a)(9).